IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

LONE STAR SILICON INNOVATIONS LLC,

    Plaintiff,

  v.

SEMICONDUCTOR MANUFACTURING INTERNATIONAL CORPORATION, *et al.*,

    Defendants.

No. C 17-03980 WHA

**ORDER DENYING ADMINISTRATIVE MOTIONS TO FILE UNDER SEAL**

Plaintiff seeks to file under seal in connection with defendants' motion to dismiss for lack of standing certain portions of the briefing and exhibits in connection with the underlying motion (Dkt. Nos. 94, 99, 102). The motions are **DENIED**.

In this circuit, courts start with a "strong presumption in favor of access" when deciding whether to seal records. *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (citing *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). To seal judicial records in connection with a dispositive motion requires "compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure." *See id.* at 1178–79 (quotations and citations omitted).

Specifically, plaintiff seeks to redact portions of the briefs that quote to and discuss the patent transfer agreement between Advanced Micro Devices, Inc. ("AMD") and plaintif, the patent transfer agreement itself, and the amendment thereto (Dkt. Nos. 94 at 1; 99 at 2; 102 at 1). In support of the requests to seal, plaintiff states that the agreement itself "includes a

confidentiality provision at page 12, which provides that the parties to the agreement and their Affiliates will keep confidential all terms and conditions of the agreement" and claims competitive harm if these terms and conditions are unsealed because they "could be used by competitors" (Dkt. Nos. 98 ¶¶ 5–6; 99-1 ¶¶ 5–7; 105 ¶¶ 4–6). These reasons fail to show a compelling reason.

*First*, the conclusory assertion of competitive harm and boilerplate speculation that the terms and conditions *could* be used by competitors are far from *specific factual findings* that overcome the strong presumption in favor of access. *Second*, under Civil Local Rule 79-5(b) and (d), confidentiality designations and agreements between the parties do not establish that a document is sealable. *Third*, the requests seek to seal large swaths of briefing and are thus far from "narrowly tailored," as required under Rule 79-5(b). *Fourth*, the patent transfer agreement has already been unsealed and publicly disclosed (save for AMD's bank account information) (*see* Case No. 18-1680, Dkt. No. 41-1), and the terms have already been publicly discussed in the order granting the motions to dismiss (*see, e.g.*, Case No. 17-5458, Dkt. No. 96 at 3–4, 7, 9–10). The parties shall file unredacted versions of the documents at issue on the public docket by **OCTOBER 4 AT NOON**.

**IT IS SO ORDERED.**

Dated: September 28, 2019.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE